UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON D. PARDEE, | ) |
| | ) CASE NO. C16-1028RSM |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER GRANTING CITY |
| | ) DEFENDANTS' MOTION TO DISMISS |
| LINDA QUINN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## I.   INTRODUCTION

This matter comes before the Court on Defendants City of Ferndale's and Larrick Winslow's (hereinafter collectively "City Defendants") Motion to Dismiss under Rule 12(b)(6) for failure to state a claim.[1] Dkt. #20. City Defendants argue that Plaintiff's Second Amended Complaint should be dismissed because it fails to allege facts sufficient to support the alleged causes of action against them. *Id.* Plaintiff opposes the motion, arguing that Officer Winslow caused Plaintiff to be wrongfully charged with a crime he did not believe she committed, and the City then wrongfully prosecuted that crime even though it had no jurisdiction to do so. Dkt. #24. As a result, she asserts that all of her claims should proceed. *Id.* For the reasons set forth below, the Court disagrees with Plaintiff and GRANTS the City Defendants' motion.

---

[1] Officer Winslow's arguments equally apply to the claims made against his marital community. *See* Dkt. #20.

ORDER
PAGE - 1

## II.   BACKGROUND

This case arises out of a 2012 interaction between a teacher in the Ferndale School District and the parent of a student in the District. According to Plaintiff, on April 27, 2012, she had a verbal altercation with former Defendant Joanne Van Ert, a Developmental Preschool Teacher, at then-Mountain View Elementary in Ferndale, Washington. Dkt. #1-1 at ¶ 5. Ms. Van Ert described the incident in an email to former Defendant (and then-Principal) Georgia Dellinger with the subject heading: "threats by a woman while loading kids on bus." *Id*. at ¶ 6. Ms. Van Ert reported that while she was outside helping kids get onto the bus, she noticed a male student coming down the sidewalk on a skateboard that had a piece of five-foot long plywood on top. Dkt. #7, Ex. A and Ex. A thereto. Ms. Van Ert reported that she stopped the student and asked him not to ride the board in the area around the students. *Id*. She further reported that a dark van drove up about the same time, and the female driver (now the Plaintiff in this matter) rolled down her window and shouted to the student, "what is she saying to you?" *Id*. The student responded that Ms. Van Ert had asked him not to ride his skateboard on the sidewalk. Ms. Van Ert walked closer to the woman to explain the situation, and the woman continued to yell at Ms. Van Ert, stating that she pays her taxes, the School does not own the sidewalks, that her husband is a lawyer and that she will get him to come down to the school and tell her the law. She also yelled at Ms. Van Ert to go back in the building and do her job. *Id*. As the woman continued to scream, Ms. Van Ert eventually returned to the School building. *Id*. Plaintiff disputes Ms. Van Ert's version of the altercation, but does not offer a separate version. Dkt. #1-1 at ¶ 7.

According to Plaintiff, immediately after the incident, she contacted Principal Dellinger by telephone to complain about Ms. Van Ert's behavior. Dkt. # 1-1 at ¶ 8. Plaintiff felt that

ORDER
PAGE - 2

Principal Dellinger was already hostile toward her. *Id*. During the conversation, Plaintiff identified herself as the woman in the van, and conveyed that she felt Ms. Van Ert was "in the wrong." *Id.*

After her conversation with Plaintiff, Principal Dellinger forwarded Ms. Van Ert's email to former Defendant Linda Quinn (the School District Superintendant), former Defendant Elvis Dellinger (the School District Executive Director for Human Resources), former Defendant Mark Deebach (Assistant Superintendent for Business and Support Services), and Defendant Ferndale Police Officer Larrick Winslow. Dkt. #1-1 at ¶ 9. In her email, Principal Dellinger stated in part:

> After hearing from the concerned parents observing this person, I had the "pleasure" of hearing from [Ms. Pardee]. She was quite inflammatory and unapologetic for the tone she had used and felt very justified in her comments. She ended our conversation with a plan to call the superintendent.

*Id.* and Dkt. #7, Ex. A and Ex. A thereto.

On May 7, 2012, Ms. Van Ert emailed Officer Winslow stating that she would like to pursue a complaint against Plaintiff:

> I would like to pursue this please. The incident made me feel violated and threatened. I do not believe that this parent should walk away thinking it is ok to treat school personnel this way. Actually, this woman shouldn't treat anyone this way!

Dkt. #1-1 at ¶ 10.

On May 10, 2012, Officer Winslow picked up Ms. Van Ert's written statement, and also spoke in person with Plaintiff. Dkt. #1-1 at ¶ 11. Officer Winslow then emailed Ms. Van Ert, relaying his conversation with Plaintiff as follows:

> I was just able to interview her this afternoon. It went well. She asked me to ask you if you would be willing to accept a full apology from her in

ORDER
PAGE - 3

> person in regards to this issue in lieu of filing criminal charges? She acknowledged that she acted badly that day and overreacted to the situation.

*Id.* and Dkt. #7, Ex. A and Ex. A thereto.[2]

Later that same day, Principal Dellinger emailed Superintendent Quinn, HR Director Dellinger, Assistant Superintendent DeeBach, and Officer Winslow, advising them that Officer Winslow had spoken with Ms. Van Ert, that Ms. Van Ert asked him about her rights as a citizen in regards to this incident, that parents had expressed concern for Ms. Van Ert and were willing to provide written statements, and that Plaintiff expressed remorse to Officer Winslow and would like to apologize in person:

> Right now Officer Winslow is communicating with Joanne to see if she is open to this kind of resolution. I know Joanne felt quite threatened by this person and may or may not feel comfortable with this resolution but I will get back to you when we know more.
>
> At this time, Mrs. Pardee understands she is not to go to Mountain View to revolve this unless Office [sic] Winslow says that that is the direction Ms. Van Ert wants to go.

Dkt. #1-1 at ¶ 12 and Dkt. #7, Ex. A and Ex. A thereto.

On May 11, 2012, Ms. Van Ert emailed Principal Dellinger in response to Officer Winslow's inquiry. Dkt. # 1-1 at ¶ 13 and Dkt. #7, Ex. A and Ex. A thereto. The email stated:

> **hmm . . .**
> **I think I'll let her think about this over the weekend!!!**
> **She needs too!!**

*Id.* (bold in original). Principal Dellinger forwarded that email to Superintendent Quinn.[3] *Id*.

---

[2] Plaintiff disagrees with Officer Winslow's characterization of their conversation, but believes that "he was trying to make the whole ordeal go away." Dkt. #1-1, Ex. A at ¶ 12.

[3] Plaintiff believes that Principal Dellinger had a vendetta against her because of a past interaction involving alleged trespassing by teachers and school children on the property where Plaintiff resides. Dkt. #1-1 at ¶ 26. She believes this alleged vendetta is the motivation behind Principal Dellinger's communication with other District Officials and Officer Winslow.

ORDER
PAGE - 4

The matter was not resolved, and, in June of 2012, Defendant City of Ferndale filed criminal charges against Ms. Pardee for disorderly conduct in violation of RCW 9A.84.030. Dkt. #1-1 at ¶ 14. The matter went to trial and a jury found Plaintiff guilty on February 21, 2013. *Id*. at ¶ 15 and Dkt. #7, Ex. A and Exs. C and D thereto. Plaintiff was sentenced to 90 days in jail, with 86 days suspended, a $250 fine, 20 hours of community service and six months of probation. Dkt. #1-1 at ¶¶ 15-16 and Dkt. #7, Ex. A and Exs. C and D thereto.

Plaintiff appealed her conviction. On June 16, 2014, the appellate judge reversed and dismissed her conviction, finding that:

> there was not substantial evidence to sustain the jury's conviction of the Defendant for Disorderly Conduct. Specifically, there is no evidence to support that the words used by the Defendant created a risk of assault by the alleged Victim in this case.

Dkt. #1-1 at ¶¶ 17-18 and Dkt. #7, Ex. A and Exs. F and H thereto.

On February 17, 2015, Plaintiff filed an administrative Claim for Damages against Defendant City of Ferndale and Defendant Ferndale School District No. 502, wherein she sought $20 million in damages. Dkt. #1-1 at ¶ 19 and Dkt. #7, Ex. A and Exs. I and J thereto. The Insurer for Defendant Ferndale School District denied the claim against the District on March 9, 2015.[4] Dkt. #1-1 at ¶ 19 and Dkt. #7, Ex. A and Ex. K thereto.

On September 8, 2015, Ms. Pardee filed a *pro se* Complaint, with Exhibits, in Whatcom County Superior Court, Cause No. 15-2-01695-1. Dkt. #7, Ex. A. She apparently filed an Amended Complaint the same day with no substantive changes. Dkt. #7 at ¶ 3. Plaintiff then retained counsel and filed a Second Amended Complaint on June 24, 2016. Dkt. #1-1. That Second Amended Complaint alleged federal causes of action. *Id.* As a result, on July 1, 2016, Defendants removed the matter to this Court. Dkt. #1.

---

[4] There is nothing in the current record with respect to the City of Ferndale's response to the Claim for Damages.

ORDER
PAGE - 5

In her Second Amended Complaint, Plaintiff asserts causes of action against each of the Defendants for malicious prosecution under Washington law, outrage, civil rights violations under 42 U.S.C. § 1983, civil conspiracy, and defamation and false light. Dkt. #1-1 at ¶ ¶ 33-46.

The School District Defendants previously moved this Court to dismiss Plaintiff's claims as asserted against them pursuant to Federal Rule of Civil Procedure 12(b)(6) and in accordance with Federal Rule of Civil Procedure 81(c)(2)(C). Dkt. #6. The Court granted that motion on September 9, 2016. Dkt. #15.

The City Defendants have now also moved to dismiss all claims against them, and that motion is ripe for review.

### III.    DISCUSSION

**A.  Standard of Review**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, a plaintiff's claims must be dismissed. *Twombly*, 550 U.S. at 570.

ORDER
PAGE - 6

**B. Judicial Notice**

Though the Court typically limits its Rule 12(b)(6) review to allegations set forth in the Complaint, the Court may also consider documents of which it has taken judicial notice. *See* F.R.E. 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Here, the Court takes judicial notice of and considers herein the documents attached to Plaintiff's initial Complaint which have been incorporated in the Second Amended Complaint by reference therein. *See* Dkt. #1-1 and Dkt. #7, Ex. A and Exhibits thereto. The Court may properly take judicial notice of documents such as these whose authenticity is not contested, and which Plaintiff has relied on in her Complaint. *Swartz*, 476 F.3d at 763; *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotations and alterations omitted).

**C. Plaintiff's Second Amended Complaint**

*1. Malicious Prosecution*

City Defendants first argue that Plaintiff's malicious prosecution claim must be dismissed because this Court has already found that probable cause existed. Dkt. #20 at 6-8. To succeed on an action for malicious prosecution, a plaintiff must establish five elements: (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution. *Hanson v. Snohomish*, 121 Wn.2d 552, 558, 852 P.2d 295 (1993). "Although all elements must be proved, malice and want of probable cause constitute the gist of a malicious prosecution action." *Id*.

ORDER
PAGE - 7

Probable cause to initiate criminal proceedings is a complete defense to a claim of false arrest or malicious prosecution. *Hanson*, 121 Wn.2d at 558; *Peasley v. Puget Sound Tug & Barge*, 13 Wn.2d 485, 499, 125 P.2d 681 (1942). Moreover, Washington courts have long held that a conviction, even if subsequently overturned on appeal, is sufficient to defeat any malicious prosecution claim in a subsequent civil action, unless the conviction was obtained by fraud, perjury or other corrupt means. *Hanson*, 121 Wn.2d at 556; *Fondren v. Klickitat County*, 79 Wn. App. 850, 905 P.2d 928 (Div. III, 1995).

This Court previously rejected Plaintiff's argument that although the appellate court did not expressly use the phrase "probable cause" in reversing her conviction, that court's decision when construed in the light most favorable to her demonstrates there was no probable cause supporting the prosecution of her. Dkt. #15 at 13-14. The Court explained that the evidence necessary to establish probable cause to initiate criminal proceedings is different than the evidence required to support a criminal conviction, and that the appellate court's decision cannot be read as having commented on either of those things. *Id.*

Plaintiff now argues that this Court's conclusion was incorrect because the City of Ferndale had no jurisdiction to prosecute the criminal action against her. Dkt. #24 at 4-5. Therefore, according to Plaintiff, there can be no probable cause and all of Defendants' arguments relying on a probable cause defense must be rejected. *Id.* Plaintiff's assertions are incorrect. The City of Ferndale prosecuted Plaintiff for a violation of RCW 9A.84.030. Dkt. #25, Ex. A. Ferndale Municipal Code 9.07.000, entitled "Adoption by reference," has expressly adopted "9A.84.030 Disorderly conduct." Dkt. #28, Ex. 1. As established in *City of Auburn v. Gauntt*, a municipal court has the legal authority to prosecute a crime under state law when that state law has been "expressly adopted by city code…incorporated in the city code by

ORDER
PAGE - 8

reference to state statute…[or] state statute confers authority to prosecute that misdemeanor in municipal court . . . ." 160 Wn. App. 567, 569, 249 P.3d 657 (2011). Because Ferndale Municipal Code clearly incorporates RCW 9A.84.030 by reference, the City had lawful authority to prosecute Plaintiff. Accordingly, Plaintiff's claim for malicious prosecution must be dismissed as a matter of law.

   2. *Intentional Infliction of Emotional Distress*

City Defendants next move to dismiss Plaintiff's claim for intentional infliction of emotional distress. In order to succeed on a claim for the tort of outrage (intentional infliction of emotional distress), Plaintiff is required to prove (1) extreme and outrageous conduct, (2) the intentional infliction of emotional distress, and that (3) the resulting emotional distress is severe. *Kloepfel v. Bokor*, 149 Wn.2d 192, 194-95, & n.1, 66 P.3d 630 (2003). The conduct must be "'*so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.*'" *Dicomes v. State*, 113 Wn.2d 612, 630, 782 P.2d 1002 (1989) (quoting *Grimsby v. Samson*, 85 Wn.2d 52, 59, 530 P.2d 291 (1975)). Defendants assert that Plaintiff fails to allege extreme and outrageous conduct as a matter of law. Dkt. #20 at 8-10. Plaintiff responds that "it is beyond dispute" that she suffered severe emotional distress from being wrongfully convicted. Dkt. #24 at 14. Plaintiff appears to focus her claim at Officer Winslow, arguing that using his position as a police officer to cause her to be prosecuted for exercising her protected speech is outrageous. *Id.*

Plaintiff provides few facts in her Second Amended Complaint to support her claim. She alleges that Officer Winslow had "serious doubts" about whether she had committed any crime. Dkt. #1-1 at ¶ 23. She also complains that the City Defendants pursued action against

her solely out of "spite" and that the prosecution was meritless. *Id.* at ¶ ¶ 29 and 31. The remainder of her allegations are primarily focused on the now-dismissed School District Defendants. *See id.* at ¶ ¶ 24-32. Plaintiff fails to provide any factual support for her contention that she suffered severe emotional distress as a result of her criminal proceedings. Further, as Defendants note, being charged with a crime supported by probable cause, being convicted of said crime, and later having that conviction reversed represents a very common and accepted occurrence in our judicial system. The Court agrees that the process alone does not constitute "extreme and outrageous" conduct. Accordingly, the Court agrees that Plaintiff fails to state an actionable claim for outrage in her Complaint.

    3. *Plaintiff's § 1983 Claims*

City Defendants next move to dismiss Plaintiffs claims alleged under 42 U.S.C. § 1983. Dkt. #20 at 10-19. Plaintiff responds that she has adequately alleged liability on behalf of the City and that her constitutional claims require an analysis of probable cause and should be allowed to proceed. Dkt. #24 at 5-14. The Court disagrees.

    a. <u>*Monell* Liability</u>

A municipality cannot be sued on the theory of *respondeat superior* for the unconstitutional acts of its employees. It may only be liable under § 1983 where, as the result of an official policy or municipal customs, an individual's constitutional rights were violated. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). There must be a direct causal link between the policy or custom and the constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Furthermore, "proof of a single incident of an unconstitutional activity is not sufficient to impose liability under *Monell*, unless there is proof that the incident

ORDER
PAGE - 10

was caused by an existing, unconstitutional municipal policy which can be attributed to a municipal policymaker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Plaintiff first argues that it appears it was "routine" for the City of Ferndale to prosecute people for crimes it had not adopted by ordinance. Dkt. #24 at 5-6. As the court noted above, Plaintiff is factually incorrect in asserting that the City had no jurisdiction to prosecute her crime. Thus, her jurisdictional argument cannot support a claim for municipal liability.

Plaintiff also argues that the City should have recognized that she had been exercising her free speech rights and therefore should not have prosecuted her. *Id.* Plaintiff asserts that the City is now liable for exercising this policy of indifference to her rights. *Id.* Plaintiff's argument is misguided. RCW 9A.84.030 makes it a misdemeanor to engage in four proscribed forms of speech and/or conduct. The provision at issue here is RCW 9A.84.030(1)(a), which provides:

> (1) A person is guilty of disorderly conduct if the person:
>
>   (a) Uses abusive language and thereby intentionally creates a risk of assault;
>
>   . . . .

RCW 9A.84.030(a). Taking Plaintiff's arguments to their logical conclusion, the mere expression of one's views would constitute a complete defense to this crime. However, contrary to Plaintiff's assertions, a person who merely intends to make his or her views known would not be subject to the law's proscription. Instead, only the person who uses abusive language and intentionally creates a risk of assault is subject to the law's proscription. Based on the facts as alleged by Plaintiff, there is no indication that the City prosecutor, who made the decision to prosecute the alleged crime, did not believe that Plaintiff's conduct met the elements of the crime, or acted indifferently to her exercise of free speech. This is particularly

ORDER
PAGE - 11

true where, as here, the Court has already determined that probable cause existed. Accordingly, there is no basis for any alleged *Monell* liability.

b. Probable Cause Analysis

Plaintiff next asserts that her constitutional claims require a probable cause analysis. Dkt. #24 at 6-14. Plaintiff argues that because the appellate court found insufficient evidence to support that the words she used created a risk of assault, her speech was constitutionally protected, and therefore the prosecution based on the content of her speech was unconstitutional. She urges the Court to reject the doctrine of a conviction being dispositive in this "unique" context of a conviction for disorderly conduct involving speech. *Id.* at 7.

In support of her argument, Plaintiff relies on out of circuit authority, *Swiecicki v. Delgado*, 463 F.3d 489, 503 (6th Cir. 2006), wherein the court reversed a conviction for disorderly conduct based on insufficient evidence. However, that court remanded the case for trial on the issue of whether the officer had probable cause for arrest. *Id.* The court noted that "[i]n order for the arrest to survive constitutional scrutiny, [the arresting officer] must have had probable cause to believe that Swiecicki committed the offenses charged." *Id.* at 498. In the instant matter, as this Court has already explained, the appellate court reversed Plaintiff's conviction for insufficient evidence, but never indicated that the disorderly conduct charge lacked probable cause. The Court therefore agrees with Defendants that there are no grounds for a constitutional analysis in this situation. In addition, Plaintiff has failed to allege sufficient facts supporting her assertion that Officer Winslow charged her with disorderly conduct out of retaliation or malice, all while believing that no probable cause existed.

For all of these reasons, and those argued by Defendants in their motion, the Court finds that Plaintiff's § 1983 claims should be dismissed as a matter of law.

    4.  *Civil Conspiracy*, *Defamation and False Light*

Finally, Defendants have moved to dismiss Plaintiff's claims against them for civil conspiracy, defamation and false light. Dkt. #20 at 19-23. Plaintiff has not responded to that portion of the motion. *See* Dkt. #24. Under Local Civil Rule 7(b)(2), "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." The Court deems Plaintiff's failure as such an admission in this case. Accordingly, for the reasons argued by Defendants in their motion, the Court also dismisses Plaintiff's claims for civil conspiracy, defamation and false light.

**D. Leave to Amend**

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, the Court concludes that granting leave to amend would be futile. Plaintiff has filed two amended Complaints already, and the Court can conceive of no possible cure for the deficiencies in Plaintiff's Second Amended Complaint, particularly given the invalidity of Plaintiff's primary legal arguments as discussed above.

### IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) City Defendants' Motion to Dismiss (Dkt. #20) is GRANTED and all claims against Defendants City of Ferndale, Larrick Winslow, and Officer Winslow's marital community are DISMISSED with prejudice.

2) This matter is now CLOSED.

DATED this <u>16</u> day of November, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE